**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Jay Connor,<br><br>*Plaintiff*,<br><br>Vs.<br><br>33 Mile Radius LLC d/b/a Everconnect, Keyword Connect<br><br>and<br><br>Carolina Gutter Helmet LLC d/b/a Hutchco Home and Bath, Jacuzzi Bath Remodel,<br><br>*Defendants*. | C.A. No. 2:26-cv-03627-JD-MGB<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendant 33 Mile Radius, LLC ("33 Mile" or "Defendant"), by and through its undersigned counsel, hereby answers the Complaint filed by *pro se* Plaintiff Jay Connor ("Plaintiff"). 33 Mile denies all allegations in the Complaint except as specifically admitted below. 33 Mile repeats the headings contained in the Complaint for ease of reference. But, to the extent factual allegations are contained in the headings, 33 Mile denies such allegations, or is without sufficient knowledge or information to form a belief as to the truth of such allegations, and on that basis denies them. Unless expressly admitted herein, 33 Mile lacks sufficient information at this time to admit or deny the allegations of the Complaint.

**TYPE OF ACTION**

1. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

## PARTIES

2. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

3. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

4. 33 Mile admits that it is an Ohio limited liability company. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

5. 33 Mile admits that it offers lead generation services to businesses in the home services industry but denies that it is "in the business of making calls." Except as expressly stated, 33 Mile denies the allegations in this paragraph.

6. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

## JURISDICTION AND VENUE

7. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that the Court lacks subject-matter jurisdiction over the claims asserted in Plaintiff's Complaint because Plaintiff does not have standing under Article III of the United States Constitution.

8. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile states that the Court has supplemental jurisdiction over the state claims asserted in Plaintiff's Complaint if the Court finds that there is a basis for federal jurisdiction.

9. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

10. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

11. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

## The Telephone Consumer Protection Act

12. The allegations in this paragraph are legal conclusions to which no response is required.

13. The allegations in this paragraph are legal conclusions to which no response is required.

14. The allegations in this paragraph are legal conclusions to which no response is required.

15. The allegations in this paragraph are legal conclusions to which no response is required.

## The South Carolina Telephone Privacy Protection Act

16. The allegations in this paragraph are legal conclusions to which no response is required.

17. The allegations in this paragraph are legal conclusions to which no response is required.

18. The allegations in this paragraph are legal conclusions to which no response is required.

19. The allegations in this paragraph are legal conclusions to which no response is required.

## Factual Allegations

20. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

21. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the allegations in this paragraph and denies the allegations on that basis.

22. 33 Mile denies the allegations in this paragraph.

23. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

24. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

25. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

26. To the extent this paragraph alleges that 33 Mile placed any outbound calls to Plaintiff's telephone number, 33 Mile denies those allegations. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

27. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning the calls listed in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile placed any of the listed outbound calls, 33 Mile denies those allegations.

28. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile placed calls using prerecorded messages, 33 Mile denies those allegations.

29. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile placed calls that transmitted non-working Caller IDs, 33 Mile denies those allegations.

**<u>The 7/29/26 Call</u>**

30. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile placed the alleged outbound call, 33 Mile denies that allegation.

31. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

32. 33 Mile states that it has no record of 33 Mile placing any outbound calls to Plaintiff's phone number and denies the allegations in this paragraph on that basis. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding any "solicitation," no response is required.

33. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding the naming or existence of "Home Improvement Group," no response is required.

34. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

35. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

36. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

## **The 7/30/26 Call**

37. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile placed the alleged outbound call, 33 Mile denies that allegation.

38. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

39. 33 Mile states that it has no record of 33 Mile placing any outbound calls to Plaintiff's phone number and denies the allegations in this paragraph on that basis. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding any "solicitation," no response is required.

40. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding the naming or existence of "Home Improvement Group," no response is required.

41. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

42. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

43. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

44. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

45. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

46. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

47. 33 Mile admits that it received an inbound call associated with the phone number ending in 6914, which was transferred to 33 Mile by a third party and then connected to a representative of Carolina Gutter Helmet LLC. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

48. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

49. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

50. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

51. 33 Mile admits that Plaintiff attached a document as Exhibit A and states that the document speaks for itself. Except as expressly stated, 33 Mile lacks knowledge or information

sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

52. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

53. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

54. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

55. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

56. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

57. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

58. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

59. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

60. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

**The 8/4/26 Call**

61. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile placed the alleged outbound call, 33 Mile denies that allegation.

62. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

63. 33 Mile states that it has no record of placing any outbound calls to Plaintiff's phone number and denies the allegations in this paragraph on that basis. 33 Mile otherwise lacks knowledge or information sufficient to form a belief as to the truth of the remainder of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding any "solicitation," no response is required.

64. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph purports to state a legal conclusion regarding the naming or existence of "Home Improvement Group," no response is required.

65. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

66. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

67. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

68. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

69. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

70. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that it placed any of the alleged

outbound calls to Plaintiff. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

71. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis. To the extent this paragraph alleges that 33 Mile used a prerecorded or artificial voice to place calls to Plaintiff, 33 Mile denies that allegation.

72. The allegations in this paragraph are legal conclusions to which no response is required.

73. The allegations in this paragraph are legal conclusions to which no response is required. To the extent this paragraph alleges that 33 Mile placed telemarketing calls to Plaintiff, 33 Mile denies those allegations. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

74. 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

75. 33 Mile denies the allegations in this paragraph.

76. 33 Mile denies the allegations in this paragraph. 33 Mile further states that, pursuant to the contractual terms governing the business relationship between 33 Mile and Carolina Gutter Helmet LLC, the parties expressly disavowed any joint venture, partnership, agency, or employment relationship. Carolina Gutter Helmet LLC also represented and warranted that it would comply with all applicable international, federal, state and local laws, rules, and regulations, and agreed to defend and indemnify 33 Mile and its affiliates from and against any action, demand, suit, or proceeding brought against Company or its affiliates by a third party arising out of or related to the contractual relationship.

77. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

78. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies the allegations on that basis.

79. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations concerning Carolina Gutter Helmet LLC's knowledge or conduct and denies the allegations on that basis. 33 Mile further denies that it generated leads through unlawful telemarketing calls, including calls made using prerecorded or artificial voices or calls to numbers listed on the National Do Not Call Registry.

80. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

81. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph. 33 Mile further states that, pursuant to the contractual terms governing the business relationship between 33 Mile and Carolina Gutter Helmet LLC, the parties expressly disavowed any joint venture, partnership, agency, or employment relationship. Carolina Gutter Helmet LLC also represented and warranted that it would comply with all applicable international, federal, state and local laws, rules, and regulations, and agreed to defend and indemnify 33 Mile and its affiliates from and against any action, demand, suit, or proceeding brought against Company or its affiliates by a third party arising out of or related to the contractual relationship.

82. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile lacks knowledge or information sufficient to form a belief as to the truth of the allegations as to Carolina Gutter Helmet ("CGH")'s conduct as alleged in this paragraph and denies the allegations on that basis. 33 Mile further denies that it placed any unlawful telemarketing calls. Except as expressly stated, 33 Mile denies the allegations in this paragraph.

83. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that it placed any unlawful calls or text messages to Plaintiff's telephone number.

84. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph or lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and denies those allegations on that basis.

## CAUSES OF ACTION

### Count One: Violations of the TCPA's Implementing Regulations Codified at 47 C.F.R. § 64.1200

85. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

86. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

87. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

88. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph and denies that Plaintiff is entitled to any damages or other relief from 33 Mile.

**Count Two:**
**Violations of the TCPA's Implementing Regulations**
**47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1601(e)**

89. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

90. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that a private right of action is available for claims predicated on alleged violations of 47 C.F.R. § 64.1601(e).

91. The allegations in this paragraph are legal conclusions to which no response is required.

92. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph. 33 Mile further denies that it placed any outbound calls to Plaintiff or used "spoofed" caller IDs.

93. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

94. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph and denies that Plaintiff is entitled to any damages or other relief from 33 Mile.

**Count Three:**
**Violations of the TCPA's Implementing Regulations**
**47 U.S.C. § 227(b)(1)(A)(iii) and/or (b)(1)(B)**

95. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

96. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

97. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that Plaintiff is entitled to any damages or other relief from 33 Mile.

98. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

99. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph and denies that Plaintiff is entitled to any damages or other relief from 33 Mile.

**Count Four:**
**Violations of the South Carolina Telephone Privacy Protection Act ("SCTPPA")**

100. 33 Mile hereby realleges and incorporates by reference each and every preceding paragraph of this Answer as if set forth herein.

101. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

102. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies the allegations in this paragraph.

103. The allegations in this paragraph are legal conclusions to which no response is required. To the extent a response is required, 33 Mile denies that Plaintiff is entitled to any damages, attorneys' fees, costs, or other relief from 33 Mile under the SCTPPA.

**PRAYER FOR RELIEF**

33 Mile denies that Plaintiff is entitled to the relief requested in the Prayer for Relief or to any relief whatsoever.

**AFFIRMATIVE DEFENSES**

Without admitting any of the allegations in Plaintiff's Complaint, and without admitting or acknowledging that 33 Mile bears the burden of proof as to any of them, 33 Mile asserts the following additional defenses. 33 Mile intends to rely on any other defenses that become available or apparent during pretrial proceedings and discovery in this action, and reserves the right to assert all such defenses, including, but not limited to, those defenses listed in Federal Rule of Civil Procedure 8(c).

**FIRST AFFIRMATIVE DEFENSE**

**(No Article III Standing)**

The claims of Plaintiff are barred because he lacks Article III standing to assert those claims against 33 Mile. He has not alleged and did not suffer any injury-in-fact, and the injury he alleges is not sufficiently particularized or traceable to 33 Mile's conduct.

**SECOND AFFIRMATIVE DEFENSE**

**(Failure to State a Claim)**

The claims of Plaintiff are barred in whole or in part because the Complaint fails to state a claim upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

**(Established Business Relationship)**

The claims of Plaintiff are barred to the extent that any of the telephone calls at issue were placed to a telephone number used by, shared by, assumed by, or otherwise associated with a person who had an established business relationship with CGH and/or the entity placing outbound calls on CGH's behalf.

**FOURTH AFFIRMATIVE DEFENSE**

**(Consent)**

The claims of Plaintiff are barred to the extent that any of the telephone calls at issue were placed to a telephone number used by, shared by, assumed by, or otherwise associated with a person who consented to receive telephone calls from or on behalf of CGH.

**FIFTH AFFIRMATIVE DEFENSE**

**(Business Number)**

The claims of Plaintiff are barred to the extent that any of the telephone calls at issue were placed to a telephone number shared by, assumed by, or otherwise associated with a person who used the telephone number as a business number.

**SIXTH AFFIRMATIVE DEFENSE**

**(Failure to Register on the National Do-Not-Call Registry)**

The claims of Plaintiff are barred to the extent that any of the telephone calls at issue were placed to a telephone number not registered with the National Do-Not-Call Registry during the relevant time period.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

The claims of Plaintiff are barred in whole or in part because 33 Mile did not willfully or knowingly violate the TCPA, the SCTPPA, or any of their regulations. 33 Mile acted in good faith and had reasonable grounds for believing that it acted properly with respect to alleged communications to Plaintiff. Furthermore, any claims for penalties or multiplication of damages are foreclosed by virtue of 33 Mile’s good-faith conduct and efforts to comply with applicable law.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Adequate Remedy)**

Plaintiff has an adequate remedy at law for the claimed damages (if any) and cannot seek equitable relief.

Dated: September 23, 2026

*s/ Alice W. Parham Casey*______________

Alice W. Parham Casey
D.S.C. Bar No. 9431
WYCHE, P.A.
807 Gervais St., Suite 301
Columbia, SC 29201
(803) 254-6542
Email: tcasey@wyche.com

*Counsel for Defendant 33 Mile Radius, LLC*

**CERTIFICATE OF SERVICE**

I, Alice W. Parham Casey, hereby certify that on September 23, 2026, I caused a true and correct copy of the foregoing to be served upon Plaintiff Jay Connor by first-class U.S. mail at his address of record and upon all registered counsel of record through the Court's CM/ECF system.

*s/ Alice W. Parham Casey*
Alice W. Parham Casey